Morris & Co., Plaintiffs and Appellants, *v.* José González Clemente & Co., Defendants and Appellees.

No. 4135.  Argued April 22, 1927.—Decided December 20, 1928.

*F. B. Fornaris* for the appellants. *Benet & Souffront* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

This is another of the cases referred to in *Farinacci v. Niagara Fire Insurance Co., ante,* page 73.

On May 11, 1927, the parties stipulated and joined in a request that the decision of this court should be postponed until the end of November or some subsequent date.

The assignment of errors raises some sixteen questions, most of which assail the reasoning or findings upon which the judgment was based rather than the merits of that judgment. The doctrine announced by a majority of this court in *Paganacci v. Lebrón,* 24 P.R.R. 743, and adhered to in a series of subsequent decisions relieves us from the necessity of discussing such matters. See also *López de Tord & Zayas Pizarro v. Molina, ante,* page 737, and cases cited.

The fifteenth assignment is that the court below erred in deciding adversely to plaintiff upon the law and the facts, and in dismissing the action.

The original complaint herein was discussed and held not to state facts sufficient to constitute a cause of action in *Morris & Co. v. José González Clemente & Co.,* 33 P.R.R. 165.

An amended complaint subsequently filed in the district court was entitled "For the Recovery of Money," and alleged in substance that Morris & Co. had sold to defendant fifty barrels of pork at forty-six dollars a barrel; that the fifty barrels of pork arrived in due time at the port of Mayagüez, consigned and delivered to defendant by means of bills of lading covering the shipment, plaintiff having complied with all its obligations in connection with the sale; that the value of the fifty barrels, at the price agreed upon, amounted to two thousand three hundred dollars; that defendant refused

payment notwithstanding what was done to this end; and that the amount of two thousand three hundred dollars above mentioned, which was the price of the goods sold, was a liquidated and actionable claim.

For the purposes of this opinion we may assume with appellant that the somewhat vague and uncertain averment that the pork arrived in due season "consigned and delivered to defendant by means of bills of lading" may be liberally construed to imply an acceptance of such delivery by defendant. To that extent the amended complaint negatives the disclosure made in the original pleading of a refusal on the part of defendant to accept such delivery. In the absence of any suggestion of such refusal, upon the face of the amended complaint it was, of course, not necessary to allege a deposit in order to show that the goods in question were at the disposal of defendant.

The evidence conclusively shows, however, that defendant promptly returned the bills of lading and declined to accept even this constructive delivery of the shipment in question. During the course of the trial the fact that the deposit required by the Code of Commerce in the event of such refusal had never been made was equally well established. Thus the trial judge, at the close of the trial, was confronted with the same facts set forth in the original complaint and held by this court on the previous appeal not sufficient to constitute a cause of action.

A plaintiff may disguise certain features of an action by changing the title and substituting, in lieu of a positive suicidal averment, an implied negation of such averment and a suggestion of the contrary fact, but he can not in this manner destroy the significance of all other facts alleged nor avoid the effect of evidence as to the truth of the omitted averment. Upon the face of the amended complaint herein this was an action brought by one mercantile concern against another to recover the purchase price of merchandise alleged

to have been sold and delivered by plaintiff to defendant. Here, as in *Bertaut & Co.* v. *Márquez,* 32 P.R.R. 629:

"There can be no doubt that the purchase and sale in this case was a mercantile transaction, and with regard to it article 332 of the Code of Commerce provides that if the purchaser refuses without just cause to receive the goods bought, the vendor may demand the fulfilment or rescission of the contract, depositing the merchandise in court in the first case."

The necessity for a deposit, of course, does not arise in every case involving a commercial transaction. It is only upon refusal of the purchaser to accept delivery of the goods sold that a deposit is required. Whether the refusal to accept delivery appears from the face of the complaint or from the evidence is a matter which affects the time and manner of presentation rather than the merits of the question involved. Facts not sufficient to constitute a cause of action, when stated in a complaint, can hardly be held to warrant a judgment for plaintiff when established without enlargement at the trial.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.